May we be seated. The clerk will call the next case. 3090155. The Matter of the Application of the County Treasurer and Peoria County Trustee for Tax Deeds v. John Fleming and Bettina Fleming, announced by John Fleming. Mr. Fleming, you may proceed. Thank you. Good morning once again. It is again my pleasure and privilege to address this court, this state council, and the court. There are a number of issues before the court, three or four, and I will take them one at a time. One thing I do want to kind of mention theme wise is this is a property issue and the justices will remember as us lawyers do what they taught us back in law school and I thought it was a great analogy then and it applies here. That property rights are akin to a bundle of sticks, like a bundle of sticks. There are a lot of different types of property rights. It is not just one deed is all the same. Property rights can be parceled out in a lot of different ways. One of these property rights, which is of particular and very important interest here today, is one that was not part of the prior appeal, not part of the first half of this case, and that is this issue of the determination of right of entry, rights of entry. And that is what is addressed in the first half of both briefs. It is crucial to a determination of this case. The tax code says holders of rights of entry, holders of rights of entry only, are not deemed parties interested in the property so they are not entitled to these notices and services. So what is a right of entry? I would point this court to two things. First of all, let's look at the language of the dedication or the language of the rights given way back by Mr. Held way back in 1892. This is language that was not present when this case was on appeal before and is now part of the record. And what Held does is two things. And that's what it's going to take this court to interpret. And one of the two trial court judges interpreted it. We respectfully submit erroneously so. But here is the language that Held gives or dedicates this portion of this part, Glen Ridge, Glen Cove, and Eagle Point, for the use of owners in Prospect Heights, a subdivision adjacent thereto, but Held goes further. And Held says, reserving unto myself, he's the property owner, and my heirs, and assigns the right to improve, to beautify, to lay out roads, but not to wreck buildings. So what Held has done is given a little bit, given a little stick to some people in Prospect Heights and kept a lot of things for himself. When the court takes that and compares it to legal precedent that we have to guide us on what a right of entry is, and we have cited two cases talking about a right of entry. I respectfully submit that the other counsel has not submitted any. So I think we have these two cases to guide us, and they talk about a right of entry. A right of entry is nothing other than an ability, a right, an ability and a right to go on to the property to do certain things. Go on and do things. Go on and clean. Go on and play. Go on and clean your tanks. Go on and remove things. Go on and do some work. What we submitted is exactly what Charles Held gave to the Prospect Heights property owners, was he gave a right of entry of them to go on and do some things. He clearly did not give them fee simple. He clearly did not give them title. He clearly did not give them ability to own and transfer or build or do other things on the property. He kept those to himself and his heirs, and we submit that's frankly that's all we have as the Flemings. We have no further, no greater rights than what Held, I know I was meant to say this, Held held. Okay, it's out. Held and his heirs held. That's all we hold. So Held has given a little bit of a bumble of sticks, which we think is directly analogous and is exactly a right of entry. Counsel has talked about a case that relied upon in the trial for this In Re Ward, which doesn't talk about a right of entry, but I think In Re Ward gives some guidance, and I think it shows that this is a right of entry here and is not something different. It is not something that they wanted to believe because In Re Ward talked about a part that the dedicator or giver was giving to a specific donee, a homeowner's association, with the intent that the homeowner's association take title, take title, take a lot of the bundle of sticks, take most of the bundle of sticks. In Ward, unfortunately, no homeowner's association was incorporated, and the court said, well, we're still, we're going to say since they were a specifically identified donee, they have greater than a right of entry. They have, it was a specific donee that was going to get title. We don't have that in this case. Nowhere do we have held giving, saying a specific donee is going to have title against all others or going to have, let's say this analogy, 80 of the 100 sticks. He's giving them that one stick, the right to enter and go on and walk about the property, maybe have a picnic. The Emil Farb case, we also cited, and that's an Illinois case, and that is discussed in In Re Ward. And Emil Farb distinguishes Ward, I think, the same way that I just suggested to this court it be distinguished. And Emil Farb, they say, well, when there is no specific donee identified or intended to take it, that's not enough of a designation to be relied upon. I have one further analogy. Interestingly enough, you're going to hear the word easement again. I know two of the justices have heard that for the last 30 minutes because I heard that. I wanted to talk about easements. Easements are analogous, and easements are talked about in the tax code. We submit that the, I think it's 22, section 22-70 of the tax code, and it's talked about in one of the cases we cited. 22-70 of the tax code says that if you have a party or an entity has an easement or a covenant running with land or something like that, then they are perfectly protected by the tax code. They still have it, meaning what they, they want this tax deed overturned in order to get these rights, but they have the rights. Their rights, their right of entry, their covenant running with land that held the gate in 1892 still exists. We're subject to it. It still exists, and we submit that 22-70 of the tax code says that's still alive. So there's no need for this court to go in, or the trial court more specifically, to go in and vacate a tax deed under these circumstances to protect that right of entry. And I think that's where 22-70 and the section of the tax code that says persons with a right of entry only do not need to get this notice for purposes of the tax deed. Two other issues that are part of the second half of the briefs of both parties, which I would respectfully submit you don't need to get to altogether if you interpret the right of entry and utilize the right of entry language and case law and find we only have a right of entry, which I think is fairly clear. The other issues are the summary judgment granted by Judge Borden and our position under 2-1401. The summary judgment on the service issue we think was premature. Even if you were to find that the trial court, which we really respectfully submit is wrong, to find that the trial court found that they had more than a right of entry and needed some type of service and notice, the trial court said, well, it's clear they weren't formally served the process, end of the story. It's more complex than that. When you look at 22-50 of the tax code, it's pretty long. It's about eight paragraphs. And it talks about use due diligence to find them in the county. That is present in the record, in the original record in the case. There was an attempt to locate. Due diligence was used. There's affidavits in the record that the owners were attempted to be found and they could not be found in the county. And if that's the case, then they don't need this formal service. So we submit that that was improper and premature for Judge Borden to move on the summary judgment. I find that jerks were not served by a sheriff, therefore they didn't have the notice. There's more to it than that. And we submit that summary judgment was not proper there. The last issue I want to talk about is 2-1401 and its interplay with the tax code, 22-45. The clerk will notice that we cited a case and it's also cited in the comments in 22-45. There is a case that came out that said 22-45 can be found unconstitutional if it infringes on 2-1401. 2-1401 must control. That's what that case says. It's one of these in-rate applications. In-rate application of county collector versus Johnson and Nielsen, 281-3467. That's the 96th case out of the 2nd District that talks about constitutionality. And I'm not here to say 22-45 is unconstitutional. What I'm here to say is, and what that case says is, when there is a conflict between 2-1401, our Code of Civil Procedure, which governs the courts, and the tax code 2-1401 must govern, and that case specifically said we're going to find it unconstitutional when it infringes on a court's ability to make judgments or review judgments. And our position is laid out in our brief, and it is this. We are a bona fide purchaser. There is no facial jurisdiction problem in the record, and therefore under those circumstances, under 2-1401, our deed taken by the timeline cannot be affected by the challenge under the tax code challenge. It's a little complex. We've laid it out in our brief, but it is, unless jurisdiction, a lack of jurisdiction affirmably appears from the record, vacation or modification of an order does not affect the right title or interest in, real or personal property of any person not party to the original action, us, but before the filing of their 2-1401 petition. So 2-1401 I think says by its clear language that no matter what was done by the trial court here cannot affect our taking of the title under this chronological timeline. And that having been said, we respectfully request that this court look at those issues, and in our mind, most importantly, this right of entry being the only right held by the petitioners and reverse the trial court. Any questions? Thank you, Mr. Kline. Mr. Krupp, you may proceed. Good morning, Your Honor. Good morning. May it please the court, counsel. My name is Jeff Kruppi. I am the attorney representing the petitioners who challenged Peoria County's procedures in issuing the tax deed in this case. This has been, this case has been before this court one time before. As I'm sure the court is aware, the court issued an order that dealt with some of the issues that were raised at that time and also remanded this matter to the trial court for purposes of evaluating whether the plat contained a dedication sufficient to entitle my clients to notice of the tax deed proceedings. As counsel pointed out, the plat was not a part of the original record when this case appeared before this court the first time. Now it is, and I think counsel is correct, the application, well, first of all, the statute, the tax code, talks about notice to, referring to 2245, section 2245, refers to notice being required to persons or a party holding a recorded ownership or other recorded interest in the property. I believe, as this court referenced in the first order on appeal, that the N. Ray Ward decision addresses this point. I think that N. Ray Ward is quite analogous to the facts that we have here. When we look at N. Ray Ward, it discusses, as counsel indicated, a dedication contained in the plat. It contained the word park written on a piece of property and then dedicated that park for the benefit of the homeowners in that subdivision. The N. Ray Ward case does discuss the fact that the homeowners association as an entity was never formed. However, Ward said that that language contained in the plat was sufficient to entitle all of the homeowners in that subdivision, I think there were 11, to notice of the tax that he perceived. In our case, the plat from 1892, which is in the record, contains this dedication by Mr. Held, which counsel referenced. However, I would like to make a couple observations about the dedication itself. It is basically broken up into three parts, as I read it. The first part of the dedication dedicates, it says, I further dedicate to the public use the following parks shown, and then it names some parks. It goes on and says, I further dedicate for the use of owners adjacent thereto, and it names certain parks, including our property at issue, Green Ridge. Are you calling that the second part? I'm calling that the second part, Justice McDade. And then there's a third part, the end of the dedication, which says, I also dedicate to the use of the owners of property and prospect heights adjacent thereto, again, that same language, and it names certain areas again, and concludes by saying that he reserves unto himself his heirs and assigns the right to improve and beautify the same, and to lay out roads thereon, I'm kind of paraphrasing now, but not to erect any buildings thereon of any character. First, I read that dedication to state that my clients, who were owners of Glen Ridge at the time, are in that second part, and that he is dedicating for the use of my client and one other property owner, Glen Ridge. That, I think, is enough and was enough for the trial court to say, boy, this case is very similar to in re ward. I think in re ward might have used the word for the benefit of, and this uses the word or the phrase for the use of. Nonetheless, the character of the dedication was the same, and at least is sufficient to qualify as a recorded document, which gives them an interest sufficient in titling them to notice of the tax deed proceeding. I think counsel references a portion of this third part of the dedication, which talks about erecting buildings and whatnot, and I'm not entirely clear from my reading of the dedication that that references the first two portions of the dedication at all. I don't think it's particularly material, but when you read the entire paragraph, it does seem to have three distinct portions with respect to the dedication. So I believe this case, first and foremost, is very similar to in re ward. In re ward talks about the language they quote, says part, and then says for the benefit of the homeowners of the subdivision. Not exactly the same, but very, very close. The Emilfard case, which is discussed in more than what counsel refers to, was not a tax deed proceeding. Emilfard was a proceeding that dealt with the sufficiency of language to establish a dedication for a public park. It didn't deal with whether language is sufficient to entitle someone to notice as an interested party pursuant to a tax deed proceeding. Since I received counsel's brief on the issue of which he relies upon, which is some language from 2215 of the tax code, which discusses the service of notice in a tax deed proceeding. It's quite long, as counsel observed, and there is a section towards the end that talks about service on property. Well, it talks about property that has four or more dwelling units, etc., etc. And at the end of that section, it says holders of rights of entry and possibilities of reverter shall not be deemed parties interested in the property. This court also referenced that language in Drip 1, what I call Drip 1, the first appeal. Counsel Haynes has had on that language and says, well, all we got was the right of entry or possibility of reverter. I think those terms are terms of art. There is a statute in Illinois that talks about rights of entry. It's called, interestingly enough, the Rights of Entry or Reentry Act, 765 ILCS 330-1. That act says, among other things, in section 1 that there is no possibility of reverter or right of reentry for breach of a condition subsequent is not alienable or devisable. The rest of that statute discusses, for instance, in section 4, a possibility of reverter or right of reentry can only be valid for 40 years from the date it is created, where the condition contained in that document is not broken. That's the language used, where the condition has not been broken. My understanding of the possibility of reverter is that it is, by its nature, a possible future interest in property. That possible future interest may never occur. For instance, if one sees a deed dedicating property to an entity for religious purposes or for operation of a church, it may contain language that restricts that use to that religious use only. And if that covenant is broken, the property would revert back to the grantor. That's my understanding of what a reverter is, and it's an interest in that property which may never happen. If the property is used in conformity with the condition, the property will never revert back to the grantor. I think that is really what we're dealing with. The dedication in the Health Act of 1892 has no such conditions or references to anything else. It's a present dedication of the use of that piece of property to my clients and one other person. So I think what we're dealing with there in counsel's attempt to, and rightly so, to fit his position into either a right of entry or a possibility of reverter just does not square with my understanding of what those terms mean. Counsel didn't make a statement about, well, whatever rights they got from the health plan are still a lot. I believe this works for them, and he claims we got just this right of entry or an easement maybe. The statute, which I just referenced, the Right of Entry or Reentry Act, of course, says otherwise. It says you cannot create a right of entry or a possibility of reverter which exceeds a 40-year time limit if the condition is not broken. Again, taking it back to the point where there are no conditions in the 1892 dedication. The statute even goes on to say that if you try to do that, Section 4 says if a possibility of reverter or right of reentry is created to endure more than 40 years, it's deemed to be valid for only 40 years. So it's not correct to say we got a right of reentry or an easement in 1892 and it's still a lot. We didn't get a right of entry or an easement in 1892, and even if we had, pursuant to Illinois law and the statute says it applies to rights created before the enactment of the statute or rights created after the enactment of the statute, they would be terminated. On the issue of whether summary judgment was proper, because there is a dispute about what type of service should have been had, and I believe counsel's position is we weren't necessarily entitled to personal service, and there's an issue about that. First of all, I don't agree that there is an issue. I think the law says that we were entitled to personal service. It's 2215. But even if there was an issue, what there is no issue about, and there's certainly no issue created by any of the evidence or affidavits on file in the case, is that the drugs didn't receive any notice. They didn't get publication. They didn't get personal service. They didn't get certified mail. I mean, there's just nothing, so that point cannot be disputed, and I believe that's what the trial court had in mind. Personally, as I'm standing here, and I should know, but I do not recall, I do not believe that the certified mail original services are contained in the current record on appeal, although counsel could correct me, but it certainly was contained in the first round of appeals. Thank you. With respect to counsel's assertion in his brief and today that he was a bona fide purchaser, again, this issue was also addressed by the court in the prior appeal, and the court did note that one cannot be a bona fide purchaser if one is put on constructive notice of recorded documents. And in this case, the recorded document, the plaque, put the world on notice that there was an interest held by adjacent property owners to Glen Ridge. So counsel references, I think, in the record an affidavit that he signed that said he had no personal knowledge about certain things, but that really is not relevant to the court's determination regarding constructive notice. Finally, with respect to counsel's assertion that petitioners needed to plead and prove fraud, this goes back to 2245, section 2245. I think we addressed that in our brief, and I think the prior court addressed that when ruling on a motion to reconsider, and it is my position that 2245 lists four separate grounds for making a 21401 challenge. Fraud is one of those grounds. Proof by clear and convincing evidence of fraud is one of those grounds. However, that statute has been amended to add the ground that we focused on in the trial court and that the trial court granted some judgment on, and that is the ground that proof by a personal party holding a recorded interest in the real estate was not served with notice. So I would ask this court to affirm the trial court. If there are any questions, I'd be happy to address those in my remaining time. Thank you. Thank you. Mr. Comfey, Mr. Fleming, 25. Yes, and I will be brief. I think I'm going to talk about three things. My first thing, being the trial attorney that I am, I almost want to jump up and object when he's talking about a statute that I never saw in his brief, and I'm quite surprised that he would bring it up here in front of Your Honors when I haven't had a chance to look at it, know about it, and address it, this right of reentry thing. So I would object to him raising it at this point without it being part of the brief, without a motion to add it, and I don't even know. Frankly, I'm at a loss. I don't know what the statute says, but I would submit to Your Honors that my cases that talk about a physical right of reentry are analogous and direct. Second, on In re Ward, the In re Ward, I think, firmly supports our position. Here's what was dedicated in In re Ward. It had two other things that are absolutely not present here. In In re Ward, the plat says, shall be dedicated as a park for the benefit of the homeowners association, and then, quote, see a declaration of covenants filed as part of this plat under a separate document, close quote, and then the declarations state specifically this park is to be conveyed to a homeowners association. Each member shall have one vote, and each lot owner shall have one vote. So the declarations say specifically property shall be conveyed to a designee, a specifically identified designee. We absolutely don't have that here. All we have, and we both have read it to you, and of course, you folks are going to read it, and I just want to point out one last thing, and that is, the council tried to separate it into three parts, and I do like to go back to very basic things. We think about our fifth or sixth grade grammar teacher, whenever you learn this, whatever grade it was, but specifically, there is only a comma before this, what held reserves, comma, reserving unto myself, my heirs, blah, blah, blah. It's part and parcel of what is done in that question. It's not separated this and this and this. It's only separated by a comma. It's part and parcel of the same thing, and I think that makes this clearly then solely a right of entry. Thank you. Any questions? Anything else? Thank you very much. Thank you, Mr. Fung. Thank you both for your arguments here today. This matter will be taken under advisement in a written decisional issue in due course.